UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TROY DEIMERLY,<br><br>              Plaintiff,<br><br>       v.<br><br>HAROLD W. CLARKE, *et al*,<br><br>              Defendants. | Case No. C06-5717 RJB/KLS<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is Plaintiff's motion for appointment of counsel (Dkt. # 9). Having reviewed the motion, the court finds, for the reasons stated below, that the motion should be denied.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

ORDER - 1

1  Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not
2  demonstrated that the issues involved in this case are complex or that he has had any difficulties in
3  expressing them.  Plaintiff claims that he suffers from severe mental illness and has attached to his
4  motion a partial report from Western State Hospital which appears to indicate that Plaintiff suffered
5  from a psychoaffective disorder, PTSD and seizure disorder in 2004 and was taking medications.
6  However, Plaintiff has not presented any evidence that Plaintiff is presently suffering from any
7  conditions that will prevent him from presenting his claims.  Indeed, Plaintiff has brought forth his
8  claims in a clear and organized manner.  Plaintiff also complains that he has limited access to a
9  library.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro
10 se litigant and the court finds that counsel is unnecessary in this case.

11 Accordingly, Plaintiff's motion to appoint counsel (Dkt. # 9) is **DENIED**.

12 The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

14 DATED this 14th  day of March, 2007.

Karen L. Strombom
United States Magistrate Judge

28 ORDER - 2