UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TROY DEIMERLY,<br><br>    Plaintiff,<br><br>  v.<br><br>HAROLD W. CLARKE, *et al*,<br><br>    Defendants. | Case No. C06-5717 RJB/KLS<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is Plaintiff's motion for the appointment of counsel. (Dkt. # 36). This is Plaintiff's second motion requesting the appointment of counsel in this case. (*See* Dkt. # 9). Having reviewed the motion, the Court finds, for the reasons stated below, that the motion should be denied.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

In Plaintiff's first motion, he claimed that he suffers from severe mental illness. (Dkt. # 9).

ORDER - 1

However, Plaintiff did not present any evidence that Plaintiff was presently suffering from any conditions preventing him from presenting his claims. (Dkt. # 18). The Court noted that Plaintiff has brought forth his claims in a clear and organized manner. Plaintiff also complained that he has limited access to a library. (Dkt. # 9). The Court found that while Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant. (Dkt. # 18). The Court also noted that Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. (*Id.*).

In the present motion, Plaintiff again argues that the issue are complex, that Plaintiff has limited access to the law library, limited knowledge of the law, that trial will involve conflicting testimony, that he has made repeated efforts to obtain counsel, and that he cannot afford counsel. (Dkt. # 36). Plaintiff also contends that there is merit to his case as evidenced by payment made to him by the Office of Financial Management of the State of Washington in the amount of $ 254.40 in settlement of Grievance # 06-22317. The Court is unable to determine how this grievance relates to the claims before the Court. In addition, in order to prevail, Plaintiff must show an actual injury resulting from denial of access to courts in order to allege a constitutional violation. *Lewis v. Casey,* 518 U.S. 343, 349 (1996). Plaintiff has not demonstrated a likelihood of success on the merits as he has not alleged an actual injury. (*Id.*).

Plaintiff also attaches medical records from the Department of Corrections indicating that Plaintiff was seen by ARNP Thomas Walsh on December 2, 2006 and that he was given medication for anxiety and depression. (*Id.*, Exh. B). Plaintiff was again seen on April 30, 2007. The medical notes indicate that he "seems decompensated - paranoid and anxious" and "may well be experiencing some intimidation by other inmates." ARNP Walsh again discussed medications with Plaintiff at that time. (Dkt. # 36, Exh. C).

While the Court accepts Plaintiff's proof as evidence that he is currently being treated for anxiety and depression, Plaintiff has clearly shown an ability to articulate his claims in a clear fashion in light of the issues involved in this case.

ORDER - 2

Defendants argue that Plaintiff has engaged in discovery by propounding interrogatories and requests for production of documents to Defendants. (Dkt. # 39). Defendants also argue this is not a complex case as the claims are limited and do not involve the need for expert testimony or other specialized preparation. (*Id*.).

While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant and the Court finds that counsel is unnecessary in this case. Accordingly, Plaintiff's motion to appoint counsel (Dkt. # 36) is **DENIED**.

The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 17th day of September, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3